3

Law Offices of Sam Chandra, APC
Sam Chandra, Esq. (SBN 203942)
710 S. Myrtle Ave, #600
Monrovia, California 91016
Tel (626) 305-0555
Fax (626) 305-0556
Email fax@chandra-law.com

Attorney for
BRECKENRIDGE PROPERTY FUND 2016, LLC

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO

| | |
|---|---|
| In re:<br><br>Ayanna Spikes | ) Case No: 23-21965<br>)<br>) Chapter 13<br>)<br>) SC-01<br>)<br>) MOTION FOR RELIEF FROM THE<br>) AUTOMATIC STAY UNDER 11 USC<br>) SECTION 362<br>)<br>) Hearing:<br>) Date:   September 12, 2023<br>) Time:  1:30 p.m.<br>) Location: 501 I Street, 6th Floor<br>) Courtroom 35, SACRAMENTO, CA 95814<br>) Judge:  Hon. Christopher M. Klein |

BRECKENRIDGE PROPERTY FUND 2016, LLC ("Movant"), moves for relief from the

automatic stay, pursuant to 11 USC 362(d)(1) and (d)(2) and Rule 4001 of the Federal Rules of

Bankruptcy Procedure, to obtain possession of the residential premises located at 7036 Cantel

Way, North Highlands, CA 95660, ("Subject Property") bearing Assessor's Parcel Number 20001120020000. The property is situated in the County of SACRAMENTO, State of California, and described as follows:

LOT 1174, AS SHOWN ON THE "PLAT OF LARCHMONT VILLAGE UNIT NO. 8", RECORDED OCTOBER 7, 1957, IN BOOK 47 OF MAPS, MAP NO. 17, RECORDS OF SAID COUNTY.

The Moving party purchased the real property pre-petition, on 06/15/2023, following a regularly noticed and properly conducted non-judicial foreclosure sale. A copy of the receipt is attached hereto as **Exhibit 1**. The sale, scheduled for 2:00 pm on 6/15/2023 was called and concluded shortly there after. After the sale was completed, the news of the purchase was reported back to Movant and recorded by Movant at 2:23 pm (and 20 seconds) on 6/15/2023. (See declaration of Olivia Reyes attached.)

Thereafter, Moving party was issued and recorded the TRUSTEE'S DEED UPON SALE, a copy is attached as **Exhibit 2**.

Debtor filed this instant Petition AFTER THE SALE and at 3:00 p.m. on 6/15/2023. A copy of the notice of filing establishing the time of filing as 3:00 pm on 6/15/2023 is attached as **Exhibit 3**.

Debtor is the prior owner of the Subject Property. After recording its deed Movant proceeded to the premises and was given notice of this instant bankruptcy filing.

Said recording was done within the 21 days relation back period so the sale is deemed perfected on 8:00 a.m. 6/15/2023 prior to filing of the instant petition.

//

//

WHEREFORE, Movant prays that this Court issue an Order granting:

1.    Termination of the Stay under 11 USC 362(d)(1), 11 USC 362(d)(2)(A), and 11 USC 362(d)(2)(B) to allow Movant, together with any additional successors or assigns, to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the subject Property.

2.    That the 14 day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

3.    That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

4.    A finding that the issuance and recordation of the Trustee's Deed Upon Sale was not a violation of the automatic stay under 11 USC 362 (b)(3) as the sale occurred pre-petition and the said perfection of title relates back per Cal Civil Code §2924h(c).

Date: July 31, 2023        Respectfully Submitted
Law Office of Sam Chandra, APC


By Sam Chandra

5

Law Offices of Sam Chandra, APC
Sam Chandra, Esq.  (SBN 203942)
710 S. Myrtle Ave, #600
Monrovia, California 91016
Tel (626) 305-0555
Fax (626) 305-0556
Email fax@chandra-law.com

Attorney for
BRECKENRIDGE PROPERTY FUND 2016, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO

| | |
|---|---|
| In re:<br><br>Ayanna Spikes | ) Case No:  23-21965<br>)<br>) Chapter 13<br>)<br>) SC-01<br>)<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT OF MOTION<br>) FOR RELIEF FROM THE AUTOMATIC<br>) STAY UNDER 11 USC SECTION 362<br>)<br>) Hearing:<br>) Date:    September 12, 2023<br>) Time:   1:30 p.m.<br>) Location:  501 I Street, 6th Floor<br>) Courtroom 35, Judge Hon. Christopher M.<br>) Klein<br>) SACRAMENTO, CA 95814 |

BRECKENRIDGE PROPERTY FUND 2016, LLC ("Movant"), submits the following points

and authorities in support of its Motion for Relief from the Automatic Stay.

## A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 USC 362(d)(1)

Section 362(d)(1) provides, in pertinent part:

(d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
(1)  For cause, including the lack of adequate protection of an interest in property, of such party in interest.....

Grounds for relief exist under 11 USC section 362(d)(1) because, as of the date and time of the petition, Debtor had no right to occupancy. The Debtor is the prior owner of the Subject Property. Ownership transferred away from the Debtor pre-petition, on 06/15/2023, at a properly noticed and conducted non-judicial foreclosure sale. Debtor's interest in the premises is only as a hold over occupant after sale.

## B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 USC 362(d)(2)

Section 362(d)(2) provides, in pertinent part:

(d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
(2)  With respect to a stay of an act against property under subsection (a) of this section, if –
    (A)  The debtor does not have an equity in such property, and
    (B)  Such property is not necessary to an effective reorganization.

Grounds for relief exist under 11 USC section 362(d)(2)(A) because, as of the date of the petition, Debtor had no equity in the property, and pursuant to 11 USC section 362(d)(2)(B), the property is not necessary to an effective reorganization. Debtor lost ownership of the Subject Property on 06/15/2023, prepetition, following a properly noticed and conducted nonjudicial foreclosure sale.

///

## C.  MOVANT REQUESTS AN ORDER DEEMING THE ISSUANCE AND RECORDATION OF THE TRUSTEE'S DEED UPON SALE ARE NOT A VIOLATION OF THE STAY.

Pursuant to 11 U.S.C. 362(b)(3), §362(a) does not operate as a stay of any act to perfect an interest in property and does not violate the automatic stay to the extent that the trustee's right and powers are subject to such perfection under § 546(b). 11 U.S.C. § 362(b)(3). Section 546(b), in turn "provides that a trustee's right to avoid a transfer pursuant to 11 U.S.C. §§ 544(a) or 549 is subject to any generally applicable law that permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection." In re Stork, 212 B.R. 970, 971 (Bankr. N.D. Cal. 1997).  Generally, state law determines the property interests of parties. Butner v. United States, 440 U.S. 48 (1979). In California, an interest in real property is "perfected" when it is recorded with the county recorder. Cal. Civ. Code §§ 1213- 15. California's system of nonjudicial foreclosure is governed by a comprehensive scheme of statutes (California Civil Code §§ 2920-2923, 2924 et seq., amended by 2022 Cal. Legis. Serv. Ch. 642 (A.B. 1837) (WEST)). Until recently, section 2924h(c) of the Civil Code provided that "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale, or the next business day following the 21st day if the county recorder in which the property is located is closed on the 21st day." Cal. Civ. Code § 2924h(c).

Several decisions have considered the validity of a prepetition trustee's sale where recordation of the trustee's deed occurs postpetition, and have affirmed the validity of the sales. In the seminal case, In re BebenseeWong, 248 B.R. 820 (9th Cir. BAP 2000), a creditor conducted a foreclosure sale before the debtor filed her bankruptcy case. Two days after the

bankruptcy was filed, the trustee's deed on sale was recorded. The trustee's deed was recorded postpetition but within 15 days of the sale. (The statute was amended several times to extend the grace period, currently 21 days (expandable further if conditions exist that are not relevant here)). The BAP affirmed the bankruptcy court's grant of relief from the automatic stay. The BAP held that the relation back effect of Civil Code § 2924h(c) operated to perfect the sale on the actual date of the sale notwithstanding the postpetition recordation of the deed and therefore did not violate the stay. See id. at 822-23 (sections 362(b)(3) and 546(b) specifically permit post-petition perfection of interests in property when "generally applicable law ... permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection" quoting In re Stork, 212 B.R. at 971);.

In Quality Loan Serv. Corp v. Gonzalez (In re Gonzalez), Case No. EDCV 11-1736 R (C.D. Cal. Jun. 14, 2012) the United States District Court on appeal held that the post petition issuance and recording of the Trustee's Deed Upon sale did not violate the automatic stay, because its recordation on March 3, 2011 caused perfection to relate back to 8:00 a.m. on February 22, 2011, before the Debt's bankruptcy petition was filed, citing 11 U.S.C §362(b)(3) and Cal Civ Code § 2629h(c).

Here, evidence was provide to show that the sale was to take place on 6/15/2023 at 2:00 pm and that is was conducted and said report of completion of the sale all occurred by 6/15/2023 at 2:23 pm (and 20 seconds). The sale was pre-petition.

Here, the recorded copy of the TDUS shows the sale took place on 6/15/2023 and that this Deed was recorded on 7/6/2023 (the 21st day after the day of the sale). As such, perfection of said relates back prepetition.

MOVANT requests the court to grant its Motion for Relief from the Automatic Stay including Annulment.

WHEREFORE, Movant prays that this Court issue an Order granting:

1.      Termination of the Stay under 11 USC 362(d)(1), 11 USC 362(d)(2)(A), and 11 USC 362(d)(2)(B) to allow Movant, together with any additional successors or assigns, to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the subject Property.

2.      That the 14 day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

3.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

4.      A finding that the issuance and recordation of the Trustee's Deed Upon Sale was not a violation of the automatic stay under 11 USC 362 (b)(3) as the sale occurred pre-petition and the said perfection of title relates back per Cal Civil Code §2924h(c).

Date:  July 21, 2023                    Respectfully Submitted
                                        Law Office of Sam Chandra, APC


                                        By Sam Chandra