**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Ayanna Spikes     **Case No.:** 23-21965 - C - 13
                                                **Docket Control No.** SC-1
                                                **Date:** 09/12/2023
                                                **Time:** 1:30 PM

**Matter:** [26] - Motion for Relief from Automatic Stay [SC-1] Filed by Creditor Breckenridge Property Fund 2016, LLC (Fee Paid $188) (eFilingID: 7251099) (jlns)

**Judge:** Christopher M. Klein
**Courtroom Deputy:** Lindsey Peratis
**Reporter:** Not Recorded
**Department:** C

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Granted, Resolved without Oral Argument

See Findings of fact and conclusions of law below

The Motion has been set on Local Rule 9014-1(f)(1) procedure which requires 28 days' notice. The Proof of Service shows that 42 days' notice was provided. Dkt. 32.

     No opposition has been filed. Therefore, the court enters the defaults of the non-responding parties in interest, finds there are no disputed material factual issues, and determines the matter will be resolved without oral argument. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 602 (9th Cir. 2006).

**The Motion for Relief from the Automatic Stay is granted.**

     Breckenridge Property Fund 2016, LLC ("Movant") filed this Motion seeking relief from the automatic stay as to the debtor's property commonly known as 7036 Cantel Way, North Highlands, CA (the "Property").

     Movant argues cause for relief from stay exists pursuant to 11 U.S.C. § 362(d)(1) because the movant purchased the property at a non-

judicial foreclosure sale at 2:00 pm on June 15, 2023 before debtor filed her petition on June 15, 2023 at 3:00pm. Declaration, Dkt. 28. Movant also argues that the Deed Upon Sale was then recorded. *Id.*

**DISCUSSION**

Upon review of the record, the court finds cause for relief from stay exists pursuant to 11 U.S.C. § 362(d)(1) because the debtor filed the case after the sale of the property occurred on June 15, 2023.

**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 4001(a)(3) stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Movant requests, for no particular reason, that the court grant relief from the Rule as adopted by the United States Supreme Court. With no grounds for such relief specified, the court will not grant additional relief merely stated in the prayer.

Movant has not pleaded adequate facts and presented sufficient evidence to support the court waiving the fourteen-day stay of enforcement required under Federal Rule of Bankruptcy Procedure 4001(a)(3), and this part of the requested relief is not granted.

No other or additional relief is granted by the court.

**The court will issue an order.**